## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| CHRIS ASP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| REALPAGE, INC., STEPHEN T. WINN, ALFRED R. BERKELEY, III, PETER GYENES, SCOTT S. INGRAHAM, DANA JONES, CHARLES F. KANE, JEFFREY T. LEEDS, and JASON A. WRIGHT, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on December 21, 2020 (the "Proposed Transaction"), pursuant to which RealPage, Inc. ("RealPage" or the "Company") will be acquired by affiliates of Thoma Bravo, L.P.

2. On December 20, 2020, RealPage's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Mirasol Parent, LLC ("Parent") and Mirasol Merger Sub, Inc. ("Merger Sub," and together with Parent, "Mirasol"). Pursuant to the terms of the Merger Agreement, RealPage's stockholders will receive $88.75 in cash for each share of RealPage common stock they own.

3. On January 19, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of RealPage common stock.

9. Defendant RealPage is a Delaware corporation and a party to the Merger Agreement. RealPage's common stock is traded on the NASDAQ under the ticker symbol "RP."

10. Defendant Stephen T. Winn is Chief Executive Officer and Chairman of the Board of the Company.

11. Defendant Alfred R. Berkeley, III is a director of the Company.

12. Defendant Peter Gyenes is a director of the Company.

13. Defendant Scott S. Ingraham is a director of the Company.

14. Defendant Dana Jones is a director of the Company.

15. Defendant Charles F. Kane is a director of the Company.

16. Defendant Jeffrey T. Leeds is a director of the Company.

17. Defendant Jason A. Wright is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

19. RealPage provides a technology platform for real estate owners and managers. Clients use the platform to gain transparency in asset performance, leverage data insights, and monetize space to create incremental yields.

20. On December 20, 2020, RealPage's Board caused the Company to enter into the Merger Agreement.

21. Pursuant to the terms of the Merger Agreement, RealPage's stockholders will receive $88.75 in cash for each share of RealPage common stock they own.

22. According to the press release announcing the Proposed Transaction:

RealPage, Inc. (NASDAQ: RP), a leading global provider of software and data analytics to the real estate industry, today announced it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading private equity investment firm focused on the software and technology-enabled services sector, in an all-cash

3

transaction that values RealPage at approximately $10.2 billion, including net debt.

Under the terms of the agreement, RealPage stockholders will receive $88.75 in cash per share of RealPage common stock upon closing of the transaction. The purchase price represents a premium of 30.8% over RealPage's closing stock price of $67.83 on December 18, 2020, a premium of 36.5% over RealPage's 30-day volume-weighted average share price through that date, and a premium of 27.8% over RealPage's all-time high closing stock price of $69.47 on December 7, 2020. The RealPage Board of Directors has unanimously approved the agreement with Thoma Bravo and recommends that RealPage stockholders vote in favor of the transaction at the special meeting of RealPage stockholders to be called in connection with the transaction.

Upon completion of the transaction, RealPage expects to continue operating under the leadership of Chairman and CEO Steve Winn and the existing RealPage leadership team based in Richardson, Texas. . . .

Transaction Details

Closing of the transaction is subject to customary conditions, including approval by the holders of a majority of the outstanding shares of RealPage common stock, expiration or early termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and receipt of other required regulatory approvals. A special meeting of RealPage stockholders will be held in early 2021, following the filing of a definitive proxy statement with the U.S. Securities and Exchange Commission. Mr. Winn and certain affiliated entities, which collectively own approximately 10% of the outstanding shares of RealPage common stock, have entered into a voting agreement with Thoma Bravo pursuant to which they have agreed, among other things, to vote their shares of RealPage common stock in favor of the merger, and against any competing transaction, so long as, among other things, the RealPage Board of Directors continues to recommend that RealPage stockholders vote in favor of the merger.

Consistent with the Board's commitment to maximizing stockholder value, under the terms of the definitive merger agreement, RealPage's Board of Directors and advisors may actively initiate, solicit and consider alternative acquisition proposals during a 45-day "go shop" period. RealPage has the right to terminate the merger agreement to accept a superior proposal during the go-shop period, subject to the terms and conditions of the merger agreement. There can be no assurances that this process will result in a superior proposal, and RealPage does not intend to disclose developments with respect to this solicitation process unless and until RealPage's Board of Directors makes a determination requiring further disclosure.

The parties expect the transaction to close in the second quarter of 2021. Upon completion of the transaction, RealPage will become a privately held company, and its common stock will no longer be listed on the NASDAQ stock market.

BofA Securities is acting as financial advisor to RealPage, and Wachtell, Lipton, Rosen & Katz is acting as its legal counsel. Financing for the transaction is being provided by Goldman Sachs & Co. LLC. Goldman Sachs & Co. LLC is also serving as financial advisor to Thoma Bravo, and Kirkland & Ellis LLP is serving as its legal counsel.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

23. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

24. As set forth below, the Proxy Statement omits material information.

25. First, the Proxy Statement omits material information regarding the Company's financial projections.

26. The Proxy Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

27. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

28. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, BofA Securities, Inc. ("BofA").

29. With respect to BofA's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the unlevered free cash flows used in the analysis and all underlying line items; (ii) the terminal values used in the analysis; (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis; (iv) the net debt used in the analysis; and (v) the number of fully-diluted Company shares outstanding.

30. With respect to BofA's research analyst price targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

31. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

32. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

33. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and RealPage

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. RealPage is liable as the issuer of these statements.

36. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of RealPage within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of RealPage and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

46. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or

necessary to make the statements contained therein not misleading;

      D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

      E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

      F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 5, 2021

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Attorneys for Plaintiff*